# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53092-9-II |
| Respondent, | |
| v. | |
| DENNIS CARLOS OYA, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Dennis Carlos Oya appeals from the $100 deoxyribonucleic acid (DNA) collection fee and interest on non-restitution legal financial obligations (LFOs) imposed following resentencing on his assault in the first degree and unlawful possession of a firearm in the first degree convictions. In his statement of additional grounds (SAG) for review, Oya contends his appellate counsel rendered ineffective assistance by not raising his requested issues on appeal, the trial court unlawfully imposed an exceptional sentence above the standard range, the trial court miscalculated his offender score during Oya's resentencing, and the State withheld criminal history information in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). We remand to the trial court to strike the DNA collection fee and interest accrual provision except to restitution and affirm all other aspects of Oya's sentence.

FACTS

In 2009, Oya pled guilty to assault in the first degree with a firearm enhancement and unlawful possession of a firearm in the first degree. Oya stipulated to an offender score of 8 and agreed that the prosecutor had a correct statement of his criminal history. The trial court sentenced Oya to 300 months of total confinement based on an offender score of 8. The court also imposed 24-48 months of community custody.

In 2018, we granted Oya's personal restraint petition (PRP), accepting the State's concessions that Oya's offender score should have been 7 and his term of community custody should have been 36 months. *See In re Pers. Restraint of Oya*, No. 51355-2-II slip op. at 2 (Wash. Ct. App. Nov. 6, 2018) (unpublished), https://www.courts.wa.gov/opinions/. We remanded for resentencing with the correct offender score of 7 and the correct community custody term of 36 months. *Oya*, No. 51355-2-II, slip op. at 3.

Oya's total sentencing range was 238-296 months, with a maximum sentence of life. The court resentenced Oya to a standard range sentence of 267 month, based on an offender score of 7, and 36 months of community custody. As to LFOs, the court imposed a $100 DNA collection fee. The court also did not strike the provision on Oya's judgment and sentence that stated, "INTEREST The financial obligations imposed in this judgment shall bear interest from the date of the judgment until payment in full, at the rate applicable to civil judgments." Clerk's Papers (CP) at 101. Oya appeals.

ANALYSIS

I.      LFOs

Oya argues that because of the 2018 amendments to the LFO statutes, we should strike the DNA collection fee and interest accrual provision that the trial court imposed on him.[1]

In 2018, the legislature amended a number of statutes concerning LFOs, including the statute governing the DNA collection fee. LAWS OF 2018, ch. 269, § 18. The current version of the statute provides that qualifying sentences must include the DNA collection fee "unless the state has previously collected the offender's DNA as a result of a prior conviction." RCW 43.43.7541. The legislature also amended RCW 10.82.090(1)(a), which now states that no interest will accrue on nonrestitution LFOs after June 7, 2018.

We remand to the trial court to strike the DNA collection fee and the interest accrual provision except on restitution.

II.     SAG

Turning to Oya's SAG, he contends his appellate counsel rendered ineffective assistance by not raising his requested issues on appeal, the trial court unlawfully imposed an exceptional sentence above the standard range, the trial court miscalculated his offender score, and the State violated *Brady* by withholding criminal history information. We disagree with all of his contentions.

---

[1] The State objects, arguing that the imposition of the DNA collection fee cannot be raised for the first time on appeal and that the challenge to the imposition of interest is frivolous. We reject both of the State's arguments. Based on *State v. Blazina*, 182 Wn.2d 827, 834-35, 344 P.3d 680 (2015), an appellant can challenge the imposition of LFOs for the first time on appeal. Regarding the interest accrual provision, Oya has a legitimate argument that this provision in his judgment and sentence conflicts with the 2018 legislation. This argument is not frivolous.

A.      Ineffective Assistance of Appellate Counsel

Oya first contends that appellate counsel rendered ineffective assistance by not raising the issues that Oya wanted to be presented on appeal. We disagree.

To establish relief, Oya must show both deficient performance and prejudice. *State v. Estes*, 188 Wn.2d 450, 457-58, 395 P.3d 1045 (2017). Oya's criticisms of appellate counsel turn on facts outside the record. As such, they must be resolved through a PRP, not a direct appeal. *State v. McFarland,* 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). Accordingly, we decline to address this issue further.

B.      Exceptional Sentence

Oya characterizes his sentence as an exceptional sentence above the standard range and contends that the State failed to provide him notice it was seeking an exceptional sentence, the trial court erred by not impaneling a jury to consider whether there were aggravating factors to support an exceptional sentence, and the trial court failed to enter findings of fact and conclusions of law to support the exceptional sentence. We disagree.

The State must provide notice to a defendant if it is seeking an exceptional sentence above the standard range. RCW 9.94A.537(2). Certain aggravating circumstances must be found by a jury beyond a reasonable doubt to support an exceptional sentence above the standard range. *Blakely v. Washington*, 542 U.S. 296, 301-04, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). If the court decides to impose an exceptional sentence, the court "shall set forth the reasons for its decision in written findings of fact and conclusions of law." RCW 9.94A.535.

Here, Oya did not receive an exceptional sentence above the standard range. Oya's total sentencing range was 238-296 months, with a maximum sentence of life. The court resentenced Oya to a standard range sentence of 267 months.

Oya appears to argue that because the combination of his term of confinement (267 months) and his term of community custody (36 months) exceeds his standard sentence range, his sentence is an exceptional sentence, but Oya misinterprets the law. While a trial court cannot impose a sentence that exceeds the statutory maximum when combining the term of confinement and community custody, the court may still impose a standard range sentence with a term of community custody that combined exceeds the standard rage. RCW 9.94A.505(5).

Accordingly, the trial court did not impose an exceptional sentence. Oya's assertions are without merit.

C.    Miscalculated Offender Score

Oya next contends his offender score was miscalculated and that it should be 6 instead of 7. We disagree.

A trial court calculates a defendant's offender score for sentencing purposes by counting current offenses and past convictions. RCW 9.94A.589(1)(a).

Oya sets forth 6 prior convictions in his SAG and counts 1 point for each prior conviction; he then argues his offender score is 6 instead of 7. Oya, however, fails to count 1 point for his current offense as required under RCW 9.94A.589(1)(a). Thus, the trial court properly calculated his offender score as 7 at resentencing.

D.    *Brady* Violation

Oya lastly contends that the State committed a *Brady* violation by withholding evidence of his criminal history at resentencing. Because this contention is outside the record, we do not consider it.

A *Brady* violation requires proof of three elements: "'The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; . . . that evidence must have been suppressed by the State, either willfully or inadvertently; and . . . prejudice must have ensued.'" *State v. Mullen*, 171 Wn.2d 881, 895, 259 P.3d 158 (2011) (quoting *Strickler v. Greene*, 527 U.S. 263, 281-82, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999)).

Oya's allegation relies on matters outside our record. Because the record is insufficient to review Oya's claim, we do not consider it. *McFarland*, 127 Wn.2d at 335.

We remand to the trial court to strike the DNA collection fee and interest accrual provision except on restitution and affirm all other aspects of Oya's sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Maxa, P.J.

_____
Cruser, J.